TRINA A. HIGGINS, United States Attorney (#7349)
BRIAN WILLIAMS, Assistant United States Attorney (#10779)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED US District Court-UT
OCT 09 '24 AM 11:25

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCUS DELGADO,<br>JESSE DEJARNETTE, and<br>JAIRO JASSO<br><br>Defendants. | **SEALED**<br><br>FELONY INDICTMENT<br><br>Count 1: 18 U.S.C. § 1349 (Wire Fraud Conspiracy) (DELGADO, DEJARNETTE and JASSO)<br><br>Count 2: 18 U.S.C. § 1956(h) (Money Laundering Conspiracy) (DELGADO, DEJARNETTE and JASSO)<br><br>Counts 3-6: 18 U.S.C. § 1343 (Wire Fraud)(DELGADO)<br><br>Counts 7-8: 18 U.S.C. § 1956(a)(1)(B)(ii) (Money Laundering)(DEJARNETTE and JASSO)<br><br>Count 9: 18 U.S.C. § 1957 (Money Laundering)(DELGADO)<br><br>Case: 2:24-cr-00320<br>Assigned To : Stewart, Ted<br>Assign. Date : 10/8/2024 |

The Grand Jury alleges:

## Count 1
## 18 U.S.C. § 1349
## (Wire Fraud Conspiracy)

### I. BACKGROUND

At all times relevant to this Felony Indictment:

1. Defendants MARCUS DELGADO ("DELGADO"), and JESSE DEJARNETTE ("DEJARNETTE") were residents of Texas; and JAIRO JASSO ("JASSO") was a resident of Florida. They were all living temporarily in Utah.

2. Defendants DELGADO, DEJARNETTE and JASSO were employees of Panhandle Power Solutions, LLC ("Panhandle."). DEJARNETTE was employed by Panhandle as the Electrical Superintendent, with DELGADO as his deputy, and JASSO as their coworker.

3. Panhandle had been contracted by the United States government to build an aircraft hangar at Hill Air Force Base in Utah. Panhandle purchased over $500,000 worth of copper wire for use as part of this construction project.

4. Metro Group Inc. was a scrapyard in Ogden, Utah.

### II. THE CONSPIRACY

5. Beginning in and around September 2023 and continuing to and around November 2023, within the District of Utah and elsewhere,

**MARCUS DELGADO,**
**JESSE DEJARNETTE, and**
**JAIRO JASSO,**

defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other, with interdependence among the members of the conspiracy, to commit a fraud crime listed in United States Code, Title 18 Chapter 63, namely: Wire Fraud in violation of Title 18, United States Code, Section 1343.

### III. OBJECT OF THE CONSPIRACY

6. It was the object of the conspiracy for the defendants DELGADO, DEJARNETTE, and JASSO to defraud Panhandle, and to obtain money and property through false statements, misrepresentations, deception, fraudulent conduct, and omissions of material facts; and thereafter cause the money to be diverted for their own personal use and benefit.

### IV. MANNER AND MEANS OF THE CONSPIRACY

7. The manner and means by which defendants DELGADO, DEJARNETTE, and JASSO sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

8. As employees of Panhandle working on the aircraft hangar construction project at Hill Air Force Base, defendants DELGADO, DEJARNETTE, and JASSO had access to copper wire that was purchased by Panhandle for use in the project.

9. Defendants DELGADO, DEJARNETTE, and JASSO, working together, took the copper wire from the job site and sold it for scrap.

10. Defendants DELGADO, DEJARNETTE, and JASSO then took the money from the sale of the copper wire and laundered it through spending, various account deposits, and transfers.

### V. OVERT ACTS

11. In furtherance of the conspiracy and to effect the objects thereof, one or more overt acts were carried out by at least one co-conspirator in the District of Utah and elsewhere on or about the dates listed below, which overt acts included the following:

12. Defendant DELGADO took copper wire owned by Panhandle for use in construction at Hill Air Force Base, brought it to Metro Group Inc. and represented to Metro Group

Inc. that he had authority to sell the copper wire.

13. On September 19, 2023, defendant DELGADO cashed a check from Metro Group Inc. for $8,754.16 and then deposited $2,600 in cash into his Wells Fargo bank account ending in #3785 on September 21, 2023.

14. On September 20, 2023, defendant DEJARNETTE deposited $2,800 in cash into his Alliant Credit Union account ending in #8912 at an America First Credit Union ATM in Layton, Utah.

15. On September 27, 2023, defendant DELGADO deposited a check from Metro Group Inc. for $12,781.56 into his Wells Fargo Bank account ending in #3785, at a Wells Fargo branch in Layton, Utah. DELGADO also deposited $4,250.00 in cash into the same account while at the Layton branch. DELGADO then purchased a cashier's check in the amount of $4,250.00, using this same account at the Layton branch.

16. On September 27, 2023, defendant DEJARNETTE deposited $4,250.00 into his Alliant Credit Union account ending in #8912 through an online mobile banking deposit.

17. On September 29, 2023, defendants DELGADO, DEJARNETTE and JASSO loaded copper wire into a truck and were seen crushing the copper wire to make it appear as scrap.

18. On September 30, 2023, defendants DELGADO, DEJARNETTE and JASSO loaded copper wire into a truck and were seen crushing the copper wire to make it appear as scrap.

19. On September 30, 2023, defendant DELGADO obtained a check from Metro Group Inc. for $40,078.35. He cashed this check and on October 2, 2023, he deposited $20,078.35 in cash into his Wells Fargo account at an Ogden Wells Fargo branch.

20. On October 2, 2023, defendant DEJARNETTE made at least six separate deposits including $1,000, $2,000, $2,000, $1,000, $2,500, and $2,500, for a total of $11,000. These all

were all made via ATM at an America First Credit Union branch in Roy, Utah.

21. On October 10, 2023, defendant JASSO made multiple cash deposits in the amounts of $3,000, $2,000, $400, $600, $600, $400, $3,000, and $3,000 into his Wells Fargo bank account ending in #9185. JASSO made these deposits at a Wells Fargo branch in Ogden, Utah.

22. On October 11, 2023, defendant JASSO deposited $5,320 into his Wells Fargo bank account ending in #9185 via electronic deposit at a Wells Fargo branch in Layton, Utah.

23. On November 7, 2023, defendant JASSO deposited $4,000 into his Wells Fargo bank account ending in #9185 via electronic deposit at a Wells Fargo branch in Houston, TX.

24. Overt acts in furtherance of the conspiracy and attempts to further said conspiracy are also outlined below in the allegations and counts charged in this Felony Indictment.

All in violation of 18 U.S.C. § 1349.

## Count 2
### 18 U.S.C. § 1956(h)
### (Money Laundering Conspiracy)

25. All of the factual allegations set forth in this Felony Indictment are incorporated by reference and realleged as though fully set forth herein.

26. Beginning in and around September 2023 and continuing to and around November 2023, within the District of Utah and elsewhere,

**MARCUS DELGADO,**
**JESSE DEJARNETTE, and**
**JAIRO JASSO,**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other to:

(a) conduct financial transactions affecting interstate and foreign commerce, knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial

transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, wire fraud, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(b) engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is wire fraud, contrary to Title 18, United States Code, Section 1957.

27. In furtherance of the conspiracy and to effect the objects thereof, one or more overt acts were carried out by at least one co-conspirator in the District of Utah and elsewhere on or about the dates listed below, which overt acts included the following:

28. Defendants DELGADO, DEJARNETTE, and JASSO previously opened personal bank accounts at Wells Fargo bank and Alliant Credit Union and they used these accounts to launder fraud proceeds.

29. Defendant DELGADO previously opened a personal bank account at Wells Fargo in his name and another person, (account number ending in 3785). Between September 19, 2023 and October 2, 2023, through a series of deposits and withdrawals, defendant DELGADO laundered approximately $42,509.91 in proceeds from his wire fraud conspiracy via this personal account.

30. Defendant DEJARNETTE previously opened a personal bank account at Alliant Credit Union (account number ending in 8912). Between September 20, 2023 and October 2, 2023, through a series of deposits and withdrawals, defendant DEJARNETTE laundered $18,050 in proceeds from his wire fraud conspiracy via this personal account.

31. Defendant JASSO previously opened a personal bank account at Wells Fargo Bank

(account number ending in 9185). Between October 10, 2023 and November 7, 2023, through a series of deposits, defendant JASSO laundered approximately $22,320 in proceeds from his wire fraud conspiracy via this personal account.

All in violation of 18 U.S.C. § 1956(h).

### Counts 3-6
### 18 U.S.C. § 1343
### (Wire Fraud)

32. All of the factual allegations set forth in this Felony Indictment are incorporated by reference and realleged as though fully set forth herein.

33. Beginning in and around September 19, 2023 and continuing to and around September 30, 2023, within the District of Utah and elsewhere,

**MARCUS DELGADO,**

defendant herein, for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property from Panhandle by means of materially false and fraudulent pretenses, representations, and promises, and omissions of material facts, caused the following items to be transmitted by means of wire communication in interstate commerce described below:

//

//

//

//

| COUNT | DATE (on or about) | WIRE COMMUNICATIONS |
|---|---|---|
| 3. | 09/19/2023 | Check issued by Metro Group Inc. to Marcus Delgado for $8,574.16, in exchange for copper wire he falsely represented was scrap. On 9/21/23 Delgado deposited $2,600 of the proceeds into his Wells Fargo Bank account ending in 3785 at a Wells Fargo branch in Ogden, Utah |
| 4. | 09/27/2023 | Check issued by Metro Group Inc. to Marcus Delgado for $12,781.56, in exchange for copper wire he falsely represented was scrap. Later, on 9/27/2023 Delgado deposited that check into his Wells Fargo Bank account ending in 3785 at a Wells Fargo branch in Layton, Utah. |
| 5. | 09/30/2023 | Check issued by Metro Group Inc. to Marcus Delgado for $40.078.35, in exchange for copper wire he falsely represented was scrap. On 10/2/2023 Delgado deposited $20,078.35 in cash as proceeds of the check into his Wells Fargo Bank account ending in 3785 at an Ogden Wells Fargo branch. |

All in violation of 18 U.S.C. § 1343.

## Count 7
## 18 U.S.C. § 1956(a)(1)(B)(ii)
## (Money Laundering)

30. All of the factual allegations set forth in this Felony Indictment are incorporated by reference and realleged as though fully set forth herein.

31. On or about October 2, 2023, in the District of Utah, and elsewhere,

**JESSE DEJARNETTE,**

defendant herein, conducted a financial transaction affecting interstate commerce with money he knew represented the proceeds of some form of unlawful activity as alleged in Count 1; that is making cash deposits of $2,500, $2,500, $2,000, $2,000, $1,000, and $1,000 into his Alliant Credit Union Account ending in 8912, for a total of $11,000 via ATM at an America First Credit Union branch in Roy, Utah; knowing the transaction was designed in whole or in part to avoid a transaction reporting requirement under federal law.

All in violation of 18 U.S.C. § 1956(a)(1)(B)(ii).

## Count 8
## 18 U.S.C. § 1956(a)(1)(B)(ii)
## (Money Laundering)

32. All of the factual allegations set forth in this Felony Indictment are incorporated by reference and realleged as though fully set forth herein.

33. On or about October 10, 2023, in the District of Utah, and elsewhere,

**JAIRO JASSO,**

defendant herein, conducted a financial transaction affecting interstate commerce with money he knew represented the proceeds of some form of unlawful activity as alleged in Count 1; that is making cash deposits of $3,000, $3,000, $2,000, $600, $600, $400, and $400 into his Wells Fargo bank account ending in 9185 in a Wells Fargo branch located in Ogden, Utah.; knowing that the transaction was designed in whole or in part to avoid a transaction reporting requirement under federal law.

All in violation of 18 U.S.C. § 1956(a)(1)(B)(ii).

## Count 9
## 18 U.S.C. § 1957
## (Money Laundering)

34. All of the factual allegations set forth in this Felony Indictment are incorporated by reference and realleged as though fully set forth herein.

35. On or about the dates enumerated in each count below, in the District of Utah, and elsewhere,

**MARCUS DELGADO,**

defendant herein, did knowingly engage and attempt to engage in the following monetary transactions in criminally derived property of a value greater than $10,000.00, and were derived from the specified unlawful activity of Wire Fraud, Conspiracy to Commit Wire Fraud, and

Conspiracy to Commit Money Laundering in instances including but not limited to each count below:

| COUNT | DATE (on or about) | MONETARY TRANSACTIONS |
|---|---|---|
| 9. | 09/27/2023 | Delgado did deposit a check from Metro Group Inc. in the amount of $12,781.56 into his Wells Fargo bank account. This check was the proceeds of Wire Fraud and Conspiracy to Commit Wire Fraud by defrauding Panhandle out of copper wire, and selling that wire as scrap. |

All in violation of 18 U.S.C. § 1957.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense charged herein in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1343, the defendant shall forfeit to the United States of America all property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud or conspiracy to commit the same. The property to be forfeited includes, but is not limited to, the following:

- A money judgment representing the value of any property, real or personal, constituting or derived from proceeds traceable to the scheme to defraud or conspiracy to commit the same and not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).
- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense charged herein in violation of 18 U.S.C. § 1956 and 1957, the defendant shall forfeit to the United States of America any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

- A money judgment equal to all property involved in the money laundering charges and

not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

/S/

FOREPERSON OF THE GRAND JURY

TRINA HIGGINS
United States Attorney

BRIAN WILLIAMS
Assistant United States Attorney